UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXIS DE ALMEIDA OLIVEIRA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 25-cv-13733-FDS |
| PATRICIA HYDE, | ) ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a non-citizen pending removal proceedings.[1] Petitioner Alexis De Almeida Oliviera is a citizen of Brazil who entered the United States in 2022. He then applied for, and was granted, Special Immigrant Juvenile status, deferred action, and employment authorization.

On December 6, 2025, he was taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). Petitioner contends that his detention without an

---

[1] The petition names Patricia Hyde, Field Office Director, Boston Field Office, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Kristi Noem, U.S. Secretary of Homeland Security; and Pamela Bondi, U.S. Attorney General, as respondents. Petitioner contends that he is detained at the ICE Enforcement and Removal Operations field office in Burlington, Massachusetts. (Pet. Writ Habeas Corpus ¶ 6, Dkt. No. 1). The Court notes that "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained." *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."). The petition indicates that Patricia Hyde is the legal custodian of petitioner. (Pet. Writ Habeas Corpus ¶ 7). Nevertheless, it alleges that she "is responsible for arrests, processing, detention, production, transfer, and release of individuals in removal proceedings." (*Id.*). Although the Court is uncertain whether Hyde is the immediate custodian of petitioner and thus a proper respondent, she will not be dismissed from the case. The Court will dismiss the claims against the other respondents, who oversee the administration of immigration laws nationally and do not directly control the facility where petitioner is being detained. (*Id.* ¶¶ 7-10).

opportunity to be heard violates his due-process rights. He seeks immediate release or, in the alternative, a constitutionally adequate bond hearing.

To be clear, this Court is without the authority to determine whether petitioner should be removed from the United States; that is a matter for the immigration courts. Nonetheless, and for the reasons that follow, the Court agrees that petitioner is being detained without lawful authority, and therefore will order that he be granted a bond hearing before an immigration judge.

I. **Background**

Alexis De Almeida Oliveira, a citizen and national of Brazil, entered the United States in August 2022 when he was nineteen years old. (Pet. Writ Habeas Corpus ["Pet."] ¶ 22, Dkt. No. 1). In February 2024, he applied for Special Immigrant Juvenile status, which was approved by U.S. Citizenship and Immigration Services in April of that year. (*Id.* ¶ 25; *id.* Ex. A). He was granted deferred action for a period of four years. (*Id.* Ex. A). In June 2024, he was further granted employment authorization. (*Id.* ¶ 27; *id.* Ex. B).

ICE took De Almeida Oliveira into custody on December 6, 2025, during a check-in at the ICE field office in Burlington, Massachusetts. (*Id.* ¶ 28). The petition alleges that he is currently detained there. (*Id.* ¶ 16).

That same day, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contends that his detention without an opportunity to be heard violates the Due Process Clause of the Fifth Amendment. (*Id.* ¶ 4). At the same time, he filed a motion for a temporary restraining order and injunctive relief. On December 8, 2025, this Court

ordered respondents to answer or respond to the petition by December 12, 2025.[2]  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (Service Order 1, Dkt. No. 4).  Respondents "submit[ted] that the legal issues presented in the Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*" and "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here."  (Resp. to Habeas Pet., Dkt No. 6).

## II.  <u>Analysis</u>

In *De Andrade v. Moniz*, this Court explained that "§ 1225 provides for mandatory detention for non-citizens who are 'applicants for admission' into the United States, while § 1226 provides for discretionary detention for non-citizens 'already present' in the United States."  2025 WL 2841844, at *4 (D. Mass. Oct. 7, 2025).  Under a limited exception, "a non-citizen paroled into the country under § 1182(d)(5)(A) is still treated as an applicant for admission subject to the expedited removal process."  *Id.*  Otherwise, "one that has 'effected an entry into the United States' has constitutional protections."  *Id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).  As relevant here, "due process entitles a § 1226(a) detainee to a hearing in which the government must 'either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk.'"  *Id.* (quoting *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021)).

---

[2] In order to maintain jurisdiction, the Court also ordered that petitioner should not be moved outside of the District of Massachusetts without prior notice.  (Service Order 2, Dkt. No. 4).

Here, because petitioner is "already in" the country, his detention is governed by § 1226 rather than § 1225. He has lived in the United States since 2022. He was not paroled into the United States under § 1182(d)(5)(A), and therefore the limited exception does not apply. Moreover, the government has not treated petitioner as an applicant for admission: U.S. Citizenship and Immigration Services granted him Special Immigrant Juvenile status, deferred action, and employment authorization. *See, e.g.*, *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024) (holding that the award of Special Immigrant Juvenile status "converted [the petitioner] from being an arriving alien to an alien present in the United States"). They cannot turn back time and do so now.

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, and those of hundreds of federal cases across the country, *see Martinez v. Hyde*, 2025 WL 3152847, at *1 (D. Mass. Nov. 12, 2025), petitioner cannot be detained under § 1225(b)(2). Because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See Hernandez-Lara*, 10 F.4th at 41; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition.

### III.    Conclusion and Order

Accordingly, and for the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Patricia Hyde is hereby ORDERED to either

release petitioner or provide him a bond hearing no later than December 24, 2025.  The claims against defendants Todd Lyons, Kristi Noem, Pamela Bondi, are DISMISSED.

**So Ordered.**

Dated:  December 17, 2025

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

5