**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ALEXIS DE ALMEIDA OLIVEIRA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**PATRICIA HYDE,**<br><br>**Respondent.** | **Civil Action No.**<br>**25-cv-13733-FDS** |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION**
**FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**SAYLOR, J.**

This is a motion for attorneys' fees and litigation expenses brought by petitioner Alexis De Almeida Oliviera. Petitioner is a citizen of Brazil who entered the United States in 2022. He then applied for, and was granted, Special Immigrant Juvenile status, deferred action, and employment authorization.

On December 6, 2025, petitioner was taken into ICE custody pursuant to the mandatory detention provision of 8 U.S.C. § 1225(b). That same day, he petitioned for writ of habeas corpus. Petitioner contended that his detention without an opportunity to be heard violated his due-process rights. He sought immediate release or, in the alternative, a constitutionally adequate bond hearing. This Court granted the petition under 28 U.S.C. § 2241. On December 28, 2025, petitioner was released on bond.

Petitioner has moved for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, the Court will grant the motion in part and deny it in part.

## I. Background

Alexis De Almeida Oliveira, a citizen of Brazil, entered the United States unlawfully in August 2022 when he was 19 years old. (Pet. Writ Habeas Corpus ["Pet."] ¶ 22, Dkt. No. 1). In February 2024, he applied for Special Immigrant Juvenile status, which was approved by U.S. Citizenship and Immigration Services in April of that year. (*Id.* ¶ 25; *id.* Ex. A). He was granted deferred action for a period of four years. (*Id.* Ex. A). In June 2024, he was further granted employment authorization. (*Id.* ¶ 27; *id.* Ex. B).

ICE took De Almeida Oliveira into custody on December 6, 2025, during a check-in at the ICE field office in Burlington, Massachusetts. (*Id.* ¶ 28). That same day, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition contended that his detention without an opportunity to be heard violated the Due Process Clause of the Fifth Amendment. (*Id.* ¶ 4). At the same time, he filed a motion for a temporary restraining order and injunctive relief.

On December 8, 2025, this Court ordered respondents to answer or respond to the petition by December 12, 2025.[1] Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), De Almeida Oliveira was entitled to the same relief. (Service Order 1, Dkt. No. 4). Respondents "submit[ted] that the legal issues presented in the Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*" and "[s]hould the Court follow its reasoning in *De Andrade*, it would reach the same result here." (Resp. to Habeas Pet., Dkt No. 6).

---

[1] In order to maintain jurisdiction, the Court also ordered that petitioner should not be moved outside of the District of Massachusetts without prior notice. (Service Order 2, Dkt. No. 4).

Accordingly, the Court found that for the reasons discussed in *De Andrade v. Moniz*, and those of hundreds of federal cases across the country, *see Martinez v. Hyde*, 2025 WL 3152847, at *1 (D. Mass. Nov. 12, 2025), De Almeida Oliveira could not be detained under § 1225(b)(2). Therefore, due process required that he be granted a bond hearing. On December 28, 2025, he was released on bond.

Petitioner has now moved for an amount of attorneys' fees and expenses under the EAJA. He requests $7,500 in attorneys' fees and $405 in expenses.

## II. Standard of Review

A party seeking fees under the EAJA must satisfy four requirements: "(1) that he is the prevailing party in the civil action; (2) that his petition was timely filed; (3) that the government's position was not substantially justified; and (4) that no special circumstances make an award against the government unjust." *Castañeda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013); *see* 28 U.S.C. § 2412(d)(1)(A). The party must also be an individual whose net worth did not exceed $2 million at the time the civil action was filed. 28 U.S.C. § 2241(d)(2)(B).[2]

## III. Analysis

### A. Sovereign Immunity

Respondents first contend that petitioner is not entitled to fees or expenses because the EAJA does not waive sovereign immunity in habeas cases under 28 U.S.C.§ 2241 challenging immigration detention. The First Circuit has not yet addressed whether the EAJA applies to such cases. The government may waive its sovereign immunity by "unequivocally express[ing]" a waiver in statutory text. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *FAA v. Cooper*, 566 U.S. 284, 290 (2012) (quotation marks omitted). Because such a waiver must be unequivocal, any

[2] Respondents do not dispute that petitioner's net worth was below $2 million at the time he filed his writ for habeas corpus.

ambiguity in the relevant statute's text must "be construed in favor of immunity." *Cooper*, 566 U.S. at 290.

As relevant here, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any *civil action* (other than cases sounding in tort)." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Relying on decisions by the Courts of Appeals for the Fourth and Fifth Circuits, the respondents contend that the term "civil action" is ambiguous as applied to habeas petitions because "a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action." *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023); *see also Obando-Segura v. Garland*, 999 F.3d 190, 192-93 (4th Cir. 2021). That ambiguity, they contend, requires the Court to construe the EAJA to exclude habeas actions such as the one here.

The Court disagrees. As the Third Circuit has explained, "centuries of authority" establish that "a writ of habeas corpus is a civil action." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 428-29 (3d Cir. 2026); *see e.g.*, *Fisher v. Baker*, 203 U.S. 174, 181 (1906) ("The proceeding is in habeas corpus, and is a civil, and not a criminal, proceeding."); *Harris v. Nelson*, 394 U.S. 286, 293 (1969) ("It is . . . true that habeas corpus proceedings are characterized as civil." (quotation marks omitted)); *Banister v. Davis*, 590 U.S. 504, 507 (2020) ("Habeas proceedings, for those new to the area, are civil in nature."); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (recognizing that immigration detention is "civil detention").

The fact that "habeas corpus is a civil proceeding" was "well settled" when the EAJA was enacted in 1980. *Browder v. Dir., Dept. of Corr. of Illinois*, 434 U.S. 257, 269 (1978); *see Stafford v. Briggs*, 444 U.S. 527, 543 (1980) ("[H]abeas corpus is 'a civil action.'"). And although the Supreme Court has "on rare occasion . . . held habeas actions fall outside the scope

of particular statutory references to 'civil actions,'" those decisions do not "undermin[e] the presumption [that] Congress used the term in the EAJA" with its "centuries-long" doctrinal "history in mind." *Michelin*, 169 F.4th at 427. In fact, on each of those "rare occasion[s]," the Supreme Court "reaffirmed" that habeas actions are civil while "acknowledg[ing] reasons specific to [the statutes at issue] to treat habeas differently there." *Id.*; *see Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971); *Harris v. Nelson*, 394 U.S. 286, 293-94 (1969).

Here, in contrast, respondents do not identify any reason to treat habeas petitions differently in the context of the EAJA. The EAJA expressly applies to "any civil action (other than cases sounding in tort)." 28 U.S.C. § 2241(d)(1)(A). That language "unambiguously" covers habeas actions. *Michelin*, 169 F.4th at 429. Thus, in agreement with the Second, Third, Ninth, and Tenth Circuits, this Court concludes that the EAJA applies to habeas petitions such as that filed by De Almeida Oliviera. *See id.*; *Vacchio v. Ashcroft*, 404 F.3d 663, 667-72 (2d Cir. 2005); *Petition of Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985); *Daley v. Ceja*, 158 F.4th 1152, 1159-62 (10th Cir. 2025); *see, e.g.*, *Peruano v. Wesling*, No. 26-cv-10300-LTS, 2026 WL 1413758, at *12 & n.18 (D. Mass. May 20, 2026) (agreeing with and adopting *Michelin* "in its entirety").

### B. <u>**"Substantially Justified"**</u>

Respondents further contend that petitioner is not entitled to fees or expenses because they were "substantially justified" in asserting that petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The government is "substantially justified if it has a reasonable basis in law and fact for its position . . . or put another way, if a reasonable person could think the government's position correct." *Michel v. Mayorkas*, 68 F.4th 74, 78 (1st Cir. 2023) (citation modified). The government "bears the burden of proof . . . on this issue." *Saysana v. Gillen*, 614 F.3d 1, 5 (1st Cir. 2010).

Respondents have not met that burden here. In their response to the habeas petition, respondents acknowledged that "the legal issues presented in the Petition are similar to those recently addressed by this Court in *De Andrade v. Moniz*" and therefore, the Court "would reach the same result here." Response, Dkt. No. 6. Where respondents have put forth an argument contrary to this Court's prior rulings, with an abbreviated brief recognizing this Court's prior decisions, its position is not reasonable or substantially justified. *See, e.g.*, *Ndongala v. Wesling*, 2026 WL 1534981, at *3 (D. Mass. June 1, 2026) ("To continue to press arguments that every single judge in this District to consider the issue had already rejected, often repeatedly, does not strike the Court as reasonable under the circumstances.").

**C. <u>Reasonableness of Fees</u>**

Respondents finally contend that even if petitioner is entitled to fees and expenses, the requested amount is unwarranted. In accordance with 28 U.S.C. § 2412(d)(1)(B), petitioner submitted declarations of his attorneys, Mayra Neimerck and Luana Biagini, and their time records to demonstrate the actual time expended in prosecuting his petition for habeas and petition for fees under the EAJA. *See Castañeda-Castillo*, 723 F.3d at 79; Mot. for Fees, Dkt. No 10. Those declarations state that Neimerck and Biagini spent 20.5 hours researching, drafting, and filing the habeas petition and an additional 9.5 hours preparing the petition for fees. Mot. for Fees, Dkt. No. 10, at 14-17. It also states that petitioner paid $405 as a filing fee paid to initiate the action. For the 30 hours of total time billed, petitioner proposes an adjusted hourly rate of $250.

Respondents first contend that the 10.3 hours billed for petitioner's reply brief are excessive. They correctly note that the Court ordered only that the government address whether *De Andrade v. Moniz* controlled the outcome in this case. And, in its response, respondents acknowledged that *De Andrade v. Moniz* applied, such that petitioner was entitled to a bond

hearing. Additional briefing was marginally helpful at best. Indeed, petitioner's argument that *De Andrade* did not apply to his case, when *De Andrade* specifically called for petitioner to receive a bond hearing which he had requested, served to confuse the outcome of the case, rather than clarify it. Therefore, the Court will discount the time spent preparing a reply by 50% to 5.15 hours.

Respondents further contend that petitioner does not justify an hourly rate of $250. The EAJA sets a default cap on attorney fees of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, petitioner provides no regional Consumer Price Index data or methodology for calculating cost-of-living adjustments. *Castañeda-Castillo*, 723 F.3d at 76. And her arguments that a "special factor" is involved are unpersuasive, consisting essentially only of the assertion that counsel's standard billing rates are higher.

Finally, respondents correctly note that the fee for filing a habeas petition is $5, not $405.[3] The Court will therefore reduce petitioner's litigation expenses to $5.

## IV. Conclusion

For the foregoing reasons, petitioner's motion for attorneys' fees and expenses is GRANTED as to 24.85 hours at a rate of $125 per hour and $5 in litigation expenses, for a total of $3,111.25, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 30, 2026

[3] *Fees, Payments, and Interest Rates*, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS, https://www.mad.uscourts.gov/finance/fees.htm (noting that the fee for an application or petition for writ of habeas corpus is $5).